IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALVARO HENRIQUE DE LIMA MARINHO BARBOZA,

      Plaintiff,

v.

GILSON MARCAL RODRIGUES,
an individual, GILSON'S INTERNATIONAL
CUISINE, INC., a Florida Profit Corporation
and GMR INTERNATIONAL CUISINE, INC.,
a Florida Profit Corporation,

      Defendants.
_____/

CASE NO.: 6:19-cv-1439

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ALVARO HENRIQUE DE LIMA MARINHO BARBOZA, ("Plaintiff'), by and through the undersigned attorney, sues the Defendants, GILSON MARCAL RODRIGUES ("RODRIGUES"), GILSON'S INTERNATIONAL CUISINE, INC. ("GILSON'S"), and GMR INTERNATIONAL CUISINE, INC. ("GMR") (collectively, the "Defendants"), and brings this action for unpaid overtime compensation, minimum wages, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et. Seq., hereinafter the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

2.    This Court has jurisdiction under 28 U.S.C. § 1331, and the FLSA.

3. Defendants GILSON'S and GMR, owned and operated by RODRIGUES, conduct business, and Plaintiff performed services for Defendants, in Orange County, Florida. Therefore, venue is proper in the Middle District of Florida, Orlando Division, Pursuant to 28. U.S.C. § 1391(b)(1) & (c).

## **PARTIES**

4. GILSON'S, a Florida for Profit Corporation, is in the business of operating a restaurant at 8191 Vineland Avenue, Orlando, Florida, 32821, called "Gilson's Brazilian Restaurant."

5. GMR, a Florida for Profit Corporation, is in the business of operating a restaurant at 8191 Vineland Avenue, Orlando, Florida, 32821, called "Gilson's Brazilian Restaurant."

6. RODRIGUES is sui juris and an individual resident of the State of Florida, who owns and operates GILSON'S and GMR, and who regularly exercises the authority to (a) hire and fire employees of GILSON'S and GMR; (b) determine the work schedules for the employees of GILSON'S and GMR; and (c) control the finances and operations of GILSON'S and GMR.

7. Plaintiff was employed by Defendants from or around 2011 through July of 2019.

## **COVERAGE**

8. At all material times, GILSON'S and GMR were enterprises covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

9. At all material times, GILSON'S and GMR were "employers" as defined by 29 U.S.C. § 203(d).

10. At all material times, RODRIGUES was an employer as defined by 29 U.S.C. § 201 *et. Seq.*

11. Based upon information and belief, Defendants have each had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

12. At all times material, Defendants GILSON'S and GMR have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the companies had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved or produced for commerce.

13. Therefore, Defendants GILSON'S and GMR are enterprises as covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

14. RODRIGUES, by virtue of having held and/or exercised the authority to: (a) hire and fire employees of GILSON'S and GMR; (b) determine the work schedules for the employees of GILSON'S and GMR; and (c) control the finances and operations of GILSON'S and GMR, is an employer as defined by 29 U.S.C. § 201 *et. seq.*

15. RODRIGUES continued to pay Plaintiff through various entities not named in this Complaint and sometimes paid Plaintiff cash for hourly wages.

## **GENERAL ALLEGATIONS**

16. GILSON'S is a company classified as a restaurant business.

17. GMR is a company classified as a restaurant business.

18. RODRIGUES owns and operates GILSON'S and GMR.

19. Defendants were "employers" of Plaintiff within the meaning of the FLSA.

20. Plaintiff was an employee of Defendants within the meaning of the FLSA.

21. Plaintiff performed various restaurant duties for Defendants from or around 2011 to July of 2019.

22. Through Plaintiff's employment, Plaintiff earned an hourly wage in exchange for work performed for Defendants.

23. During the relevant time period (last three years) Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

24. Despite working more than forty (40) hours per week during the relevant time period (last three years), Defendants failed to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked over forty (40) in a workweek, contrary to §207(a) of the FLSA.

25. For the time period that Plaintiff worked prior to the year 2018, Defendants failed to pay Plaintiff for any hours that he worked over forty hours in a week, contrary to §207(a) of the FLSA.

26. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

27. Plaintiff regularly worked tasks that were neither tip-producing nor related to tip-producing (Category three work).

28. Defendants wrongfully claimed a tip credit for hours that Plaintiff worked that were neither tip-producing nor related to tip-producing (Category three work).

29. Plaintiff performed tip-related tasks (Category two work) that exceeded twenty percent of the time he worked in each shift.

30. Defendants wrongfully claimed a tip credit for the tip-related tasks (Category

two work) that Plaintiff worked that exceeded twenty percent of the time he worked in each shift.

31. Defendants forced Plaintiff to participate in an unlawful tip pool.

32. The tip pool was mandatory and not voluntary.

33. The tip pool was not operated and controlled by the employees. Rather, Defendants operated the tip pool by taking all of the tips given by the customers in a shift and distributing the tip money collected back out to the employees at the end of the shift.

34. Defendants did not disburse 100 percent of the tip money given by the customers back to the employees.

35. Because of the unlawful tip pool, Defendants were not entitled to take a tip credit for any of the work performed by Plaintiff.

36. RODRIGUES forced Plaintiff to work private parties at RODRIGUES' home for which Plaintiff was not paid.

37. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §, *et seq*., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

38. Defendants acted willfully in failing to pay Plaintiff in accordance with the law.

39. Defendants failed to maintain proper time records as mandated by law.

40. Defendants failed to post informational posters as required by law advising their employees of their right under the FLSA.

## COUNT I – RECOVERY OF MINIMUM WAGES (FEDERAL)

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 40 above.

42. Plaintiff was entitled to earn the statutory minimum wage rate for all hours worked per week while employed as a non-exempt employee for Defendants pursuant to FLSA.

43. Plaintiff is entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during his employment with Defendants pursuant to 29 C.F.R. 7785.

44. Defendants failed to compensate Plaintiff at the applicable statutory minimum wage rate for all hours worked per week during one or more workweeks throughout his employment with Defendants.

45. Defendants were aware of the law which required that their employees be paid at least the statutory minimum wage for all hours worked per workweek.

46. Despite their knowledge of these laws, Defendants violated the FLSA's provision on minimum wages (29 U.S.C. 255(a)).

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

48. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff his proper minimum wages during one or more workweeks, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

49. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

50. Plaintiff is entitled to an award for reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

    a.    Awarding Plaintiff his unpaid minimum wages;

    b.    Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

    c.    Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d.    Ordering any other and further relief the Court deems just and proper.

## COUNT II – RECOVERY OF OVERTIME COMPENSATION

51.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 50 above.

52.    Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

53.    During the relevant time period (last three years) during his employment with Defendants, Plaintiff worked overtime hours without receiving time and one-half compensation for same during one or more weeks contrary to the FLSA.

54.    Plaintiff should have earned time and one-half compensation for each hour worked in excess of forty (40) hours per workweek.

55.    Defendants had knowledge of the overtime hours worked by Plaintiff.

56.    Defendants are aware of the law which requires their employees to be paid overtime compensation on a week by week basis.

57.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

58.    As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff his proper overtime wages during one of more workweeks, Plaintiff has suffered damages, plus incurred reasonable attorneys' fees and costs.

URBAN THIER & FEDERER, P.A.
5782A S. Semoran Blvd., Orlando, Florida 32822 Tel. 407-245-8352 Fax. 407-245-8361

59. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

60. Plaintiff is entitled to an award for reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

    a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week;

    b. Awarding liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d. Ordering any other and further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by Jury.

Dated this 2nd day of August 2019.

Respectfully submitted,

*s/ John L. Urban*
John L. Urban, Esquire
Fla. Bar No. 0175307
Matthew A. Leibert, Esquire
Fla Bar No. 0752266
Attorneys for Plaintiff
**URBAN THIER & FEDERER, P.A.**
5782A S. Semoran Blvd.
Orlando, Florida 32822
Tel.   407-245-8352
Fax.   407-245-8361
Email:  urban@urbanthier.com